## BOROUGH OF EATONTOWN, PLAINTIFF, v. EDMUND P. HENDRICKSON, IMPLEADED, ETC., DEFENDANT.

Argued January 22, 1930—Decided May 19, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Arthur T. Vanderbilt.*

For the defendant, *James D. Carpenter, Jr.*

The opinion of the court was delivered by

PARKER, J. Apart from technical niceties of practice under sections 155 and 156 of the Practice act of 1903, and rules 100 and 101 of the Supreme Court, relating to trial of causes before referees, we have the further difficulty that after the cause had been referred, the attorneys of record for defendant entrusted the conduct of the trial before the referee to outside counsel; who thereafter corresponded and exchanged notices in the cause with plaintiff's attorney, apparently without in-

forming defendant's attorneys of all that was going on, in so much that now the latter in effect repudiate his agency to give and receive notices and make stipulations outside of the trial. The intentions of the special counsel were of course of the best, but we feel that the client should not be prejudiced in this regard. As a result, we begin with the application on November 9th, 1929, to Judge Lawrence sitting in the Monmouth Circuit, on the one hand for a jury trial, and on the other for confirmation. He held, relying on *Halsey* v. *Paulison,* 36 *N. J. L.* 406, that the attempted filing of the referee's report August 6th, 1929, was nugatory because it was not accompanied by a *postea.* We concur in his views, which are reported in 7 *N. J. Mis. R.* 1094; 148 *Atl. Rep.* 5, and were filed November 12th, 1929. On November 25th a *postea,* duly signed and with the report annexed, was received by the clerk of this court and marked filed by him. It does not appear that any written notice of this "filing" was given to defendant as required by rule 100; but apparently defendant learned of it; for on Deecmber 11th, within the twenty days provided by section 155, defendant filed written exceptions and a written demand for trial by jury, but gave no notice of such filing to the plaintiff, nor did he make his demand on the court, as intimated in *Halsey* v. *Paulison, supra.* In this posture of affairs the present motions to enter judgment, and to send back the cause for a jury trial, were made before us on the opening day of the January term, 1930.

Counsel urge that rule 101 is inconsistent with and to that extent supersedes section 155; and that the report may be filed without a *postea* at any time, and at the same term, and within twenty days after notice of filing such report, a party who has reserved his right to a jury trial in the statutory manner (section 155) must make his demand of the court or be thereafter barred of a jury trial. As we have said, Judge Lawrence correctly held that the filing was no filing without a *postea.* This in turn harks back to the old practice relating to *posteas,* which was, that they were ordinarily filed at the opening of the term succeeding the rendition of the verdict, and at that time counsel would move *ex parte* for leave to file

*postea* and enter judgment thereon. See *Erie Railway Co.* ads. *Ackerson,* 33 *N. J. L.* 33. Even then the judgment was *nisi. Ibid.* In 1851, by statute, it was provided that by special order on notice in proper cases *postea* might be filed and judgment entered in term on two days' notice. *Pamph. L.* 1855, *p.* 317, § 39; *Nix. Dig.* 1855, *p.* 738; *Practice Act* 1903, § 210. But this related only to entering judgment on a verdict; and the latter amendments went no further than to add cases in which *cognovit* or *relicta* was given. *Rev.* 1877, *p.* 886, § 241; *Practice Act* 1903, § 210. The Practice act of 1912, by annexed rule 76, now Supreme Court rule 116, permits filing of *postea* and entry of judgment "immediately after *relicta* given or verdict obtained," but likewise goes no farther. See *Korn* v. *Coombs,* 6 *N. J. Mis. R.* 375, 376.

The result, then, seems to be that in a reference case in the Supreme Court in which a right to jury trial has been reserved, the party desiring judgment on the report should file it in the clerk's office (rule 101) with the *postea,* and as part thereof, at the next term of the Supreme Court, and give notice of such filing in writing to the other party (rule 100), who, to obtain a jury trial, must file his exceptions within twenty days after notice (section 155; rule 100) and make his demand of jury trial to the court within that term.

As we deem the filing of the report and *postea* effective as of the first day of the January term, 1930, and the exceptions were on file within the twenty days and the demand for jury trial made in open court on said first day, defendant is entitled to his trial by jury. The motion to confirm the report and enter judgment will therefore be denied, and either party may notice the cause for trial at the next term of the proper Circuit.